1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| ROBERT DEAN NEICE, | Case No. 1:25-cv-01611-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FOR FAILURE TO PROSECUTE |
| ADULT PROBATION DEPT. PRCS ADMINISTRATOR & STAFF, | |
| Defendant. | |
| | (ECF No. 4) |

**I.      Background**

Plaintiff Robert Dean Neice ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 21, 2025, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

On November 25, 2025, the Court determined that Plaintiff's application to proceed *in forma pauperis* was incomplete because Plaintiff failed to submit a certified copy of his trust account statement and did not have an authorized officer from his institution of incarceration complete the certificate portion of the form. (ECF No. 4.)  The Court therefore ordered Plaintiff to file a certified copy of his inmate trust account statement for the past six months or, in the alternative, pay the $405.00 filing fee for this action within thirty days of service.  (*Id.* at 1.)  The Court warned Plaintiff that the failure to comply with the order would result in dismissal of this action without prejudice.  (*Id.* at 2.)  In lieu of filing a copy of his trust account statement or

1

1  payment of the filing fee, Plaintiff filed a first amended complaint on December 29, 2025.  (ECF

2  No. 6.)  There is no indication that Plaintiff intends to file a copy of his inmate trust account

3  statement or pay the filing fee, and the deadline in which to do so has expired.

4          **II.**        **Failure to Prosecute and Failure to Obey a Court Order**

5            **A.  Legal Standard**

6        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

7  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

8  within the inherent power of the Court."  District courts have the inherent power to control their

9  dockets and "[i]n the exercise of that power they may impose sanctions including, where

10  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

11  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

12  failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46

13  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

14  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

15  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

16  (dismissal for failure to comply with court order).

17        In determining whether to dismiss an action, the Court must consider several factors: (1)

18  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

19  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

20  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

21  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

22          **B.**      **Discussion**

23        Here, Plaintiff's trust account statement or payment of the filing fee is overdue, and he has

24  failed to comply the with the Court's order.  The Court cannot effectively manage its docket if

25  Plaintiff ceases to prosecute this action as directed.  Thus, the Court finds that both the first and

26  second factors weigh in favor of dismissal.

27        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

28  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

1    *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

2    dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

3    639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

4    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

5    progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

6    *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

7         Finally, the Court's warning to a party that failure to obey the court's order will result in

8    dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

9    *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's order issued on November

10   25, 2025, warned Plaintiff that his failure to file a certified copy of his trust account statement or

11   to pay the filing fee would result in dismissal of this action.  (ECF No. 4 at 2.)  Thus, Plaintiff had

12   adequate warning that dismissal could result from his noncompliance.

13        Additionally, at this stage in the proceedings there is little available to the Court that

14   would constitute a satisfactory lesser sanction while protecting the Court from further

15   unnecessary expenditure of its scarce resources.  As Plaintiff has applied to proceed *in forma*

16   *pauperis* and has failed to pay the filing fee, monetary sanctions likely would be of little use.

17   Further, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has

18   ceased litigating his case as directed by the Court.

19        **III.    Conclusion and Recommendation**

20        Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

21   District Judge to this action.

22        Further, the Court finds that dismissal is the appropriate sanction and HEREBY

23   RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a court order

24   and for Plaintiff's failure to prosecute this action.

25        These Findings and Recommendation will be submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

27   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

28   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or**

2  **include exhibits. Exhibits may be referenced by document and page number if already in**

3  **the record before the Court. Any pages filed in excess of the 15-page limit may not be**

4  **considered.** Plaintiff is advised that failure to file objections within the specified time may result

5  in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v.*

6  *Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394

7  (9th Cir. 1991)).

8

IT IS SO ORDERED.

9

10     Dated:    **January 6, 2026**                   /s/ *Barbara A. McAuliffe*         _

11                                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28